[No. 6,136.]

## SHARP v. MILLER.

54  329
77  212

PLEADING—JOINDER OF ACTIONS.—Where it is desired to unite several causes of action in the same complaint, they should be separately stated. Otherwise, though the complaint contains words which, if properly arranged, might state two causes of action, it will be construed as stating only the cause of action principally intended.

ID.—ID.—In an action for the malicious prosecution of an attachment against the plaintiff by the defendant, in the name of another, the complaint alleged, in stating what the defendant did in issuing and levying the writ, that the defendant and another filed their undertaking conditioned to pay all the costs and damages that the plaintiff might sustain; and the court instructed the jury that there were two causes of action set forth in the complaint, namely, one for malicious prosecution, and the other on the undertaking; and that the former was, and the latter was not, barred by the statute. *Held*, that the instruction was erroneous; that the *gravamen* of the complaint was the malicious prosecution, and the allegations with regard to the undertaking could not be construed as constituting a separate cause of action.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J

The facts are stated in the opinion.

*P. D. Ladd,* for Appellant.

*Calhoun Benham,* for Respondent.

Department No. 2, SHARPSTEIN, J.:

The plaintiff, after alleging in his complaint that he was, at all the times therein mentioned, the owner of certain specified

real estate in the City and County of San Francisco, proceeds to state that on the 13th day of June, 1874, the defendant did maliciously procure one Charles L. Morris, then a non-resident of this State, and for the immediate benefit and profit of the defendant, to institute and prosecute a certain action in one of the District Courts against the plaintiff for the recovery of $51,000 and upward; that in said action defendant maliciously and without probable cause, and for his own benefit, procured to be issued by the Clerk of said Court, in said action, a writ of attachment directed to the Sheriff; that on the same day the defendant and one Carlton W. Miller filed the requisite undertaking with the Clerk, the condition of which was, that if the plaintiff herein should recover judgment against said Morris, in the action commenced by him as aforesaid, that defendant and his cosurety in said undertaking should pay to the plaintiff herein all costs and damages that he might sustain by reason of said attachment; that on the same day, the defendant herein maliciously and without probable cause delivered said writ of attachment to the Sheriff, and did then and there maliciously, etc., cause and direct said Sheriff to levy upon plaintiff's property; that a copy of the writ was duly recorded, etc., and continued a lien upon plaintiff's property until the 23rd day of January, 1877, " when a judgment was affirmed in said action of Charles L. Morris against this plaintiff, in favor of this plaintiff, for the sum of $300, costs and expenses, by the Supreme Court of this State." That by reason of the issuing and levying of said attachment on plaintiff's property, he was prevented from selling it or any part of it, to his damage, $8,500, and was compelled to pay counsel in order to get rid of said lien, $1,500. Whereupon he demanded judgment for $10,000 and costs of suit.

The complaint was demurred to, on the grounds that it did not state facts sufficient to constitute a cause of action, and that the cause of action was barred by subdivision 1 of § 339 of the Code of Civil Procedure. The demurrer was overruled, and the defendant answered. In his answer, the defendant alleged, among other things, that the action was barred by the provision of the Code referred to in his demurrer. It was

proved on the trial that a judgment in the action of *Morris* v. *Sharp* was entered in favor of the plaintiff herein on the 13th day of August, 1875.

The Court, in its instructions to the jury, stated " that there were two causes of action set forth in the complaint, one in the form of malicious prosecution of an attachment, and the other on an attachment bond." The Court further instructed them as follows : " There is also a plea of the Statute of Limitations. It is contended that the attachment sued out in the Third District Court, which is the foundation of this action, was released on the 12th day of October, 1875, which is two years and eighteen days before this action was commenced. If you find that to be the case, then, so far as malicious prosecution is concerned, you will find for the defendant."

The plaintiff testified on the trial, that the attachment was released and finally dissolved on the 12th day of October, 1875, and the defendant afterward introduced and read as evidence an order of the Third District Court of that date, discharging the attachment in said action of *Morris* v. *Sharp*. As there does not appear to be any conflict of evidence upon that question, it would seem that under the charge of the Court the jury should have found for the defendant upon that issue. We are not, however, prepared to adopt the views of the Court as to the number of causes of action united in the complaint. It is quite clear that two causes of action are not separately stated in it, and equally clear, we think, that if there are two contained in it, no court can determine where the statement of one ends or of the other begins. We are not called upon to affirm or deny that the complaint contains words which, if properly arranged, might state two causes of action. But it does seem to us that as now arranged, they state, what they were intended to state, one cause of action, and that is not upon the undertaking. The *gravamen* of the complaint is, that the defendant maliciously procured an attachment to be issued against and levied upon the plaintiff's property, in an action in which the defendant was not a party of record. In narrating what the defendant did in connection with the issuing and levying of the writ, it is stated, among the other steps which were necessarily

taken before the writ could issue, that he and one Carlton W. Miller filed the undertaking required by law in such cases, and then proceeds to state that the writ was delivered by the defendant to the Sheriff, with directions, etc. It is in this connection alone that the undertaking is referred to in the complaint. Formerly it might have been sufficient to describe the tortious act or injury itself generally, without setting out the particulars of the defendant's misconduct. But it was always allowable to adopt the latter mode, and it is certainly permissible under the Code. The first impression of the Court was doubtless the same as ours is now. At the commencement of the instructions to the jury this passage occurs: "This is an action, as we supposed when we started out, for malicious prosecution of an attachment, but as we live we learn, and we afterward discovered that there were two causes of action set forth in the complaint—one in the form of malicious prosecution of an attachment, and the other an action on an attachment bond."

We do not doubt that the first impression of the Court was correct, and that the last was erroneous. From which it follows, that the action was barred by the Statute of Limitations; and as the verdict under said instruction was in favor of the plaintiff, the defendant's motion for a new trial should have been granted, on the grounds that the Court erred in charging the jury that the complaint contained two causes of action, one of which was a cause of action upon the undertaking upon attachment; and that the evidence conclusively proved that the only cause of action stated in the complaint was barred by the Statute of Limitations.

Judgment and order denying a new trial reversed.

THORNTON, P. J., and MYRICK, J., concurred.