[No. 9,460. Department One.—August 2, 1884.]

B. W. TAYLOR, APPELLANT, v. DANIEL BIDWELL
ET AL., RESPONDENTS.

MALICIOUS PROSECUTION — CONSPIRACY. — In an action charging a defendant with a conspiracy to prosecute the plaintiff for a crime, and a malicious prosecution in pursuance of the conspiracy, the alleged malicious prosecution is the gist of the action.

SUBORNATION OF WITNESSES — DAMAGES. — Subornation of witnesses to swear falsely against a defendant in a criminal prosecution does not constitute a cause of action by him for damages.

APPEAL from a judgment of the Superior Court of the county of Butte.

The judgment was upon demurrer to the complaint. The complaint averred in substance that the defendants colluded and confederated together for the purpose of falsely charging the plaintiff with the crime of arson, and maliciously prosecuting him for the supposed crime, and causing him to be convicted and imprisoned therefor; that defendants set fire or caused fire to be set to a barn in furtherance of the conspiracy, and caused the plaintiff to be arrested and tried upon the charge of arson; that at the trial the defendants procured false evidence to be produced before the jury, by means of which the plaintiff was convicted, sentenced, and imprisoned in the State prison; that the defendants kept the facts and circumstances of the conspiracy concealed from the plaintiff for more than four years from the date of the trial, and that he first learned of them about the 1st day of April, 1883.

The plaintiff demanded damages "by reason of the said unlawful acts of the defendants, and by reason of said malicious prosecution, and the said false testimony and evidence so procured and fabricated by the defendants, and by reason of the said conviction and imprisonment obtained by means thereof."

One of the grounds of the demurrer was that the cause of action was barred by the Statute of Limitations. The other facts appear in the opinion of the court.

*Clara S. Foltz,* and *W. H. Payson,* for Appellant.

*F. C. Lusk,* and *Reardan & Freer,* for Respondents.

Ross, J.—The *gravamen* of the action is the alleged malicious prosecution. The averments of the complaint, with respect to the conspiracy of the defendants, are not of the gist of the action; that lies in the wrongful and damaging act done. (*Herron* v. *Hughes*, 25 Cal. 560.) Said Chief Justice Holt, in *Savile* v. *Roberts*, 1 Raym. Ld. 378: "An action will not lie for the greatest conspiracy imaginable if nothing be put in execution; but if the party be damaged the action will lie. From whence it follows that the damage is the ground of action." (See also *Hutchins* v. *Hutchins*, 7 Hill, 104.)

The averments with respect to the defendants' suborning a witness to swear falsely in the criminal prosecution against the plaintiff do not constitute a cause of action for damages. (*Smith* v. *Lewis*, 3 Johns. 157; *Homer* v. *Fish*, 1 Pick. 441; *Smith* v. *Lowry*, 1 Johns. Ch. 320.) In *Smith* v. *Lewis*, the court observed that however just and reasonable it may appear, upon the first view of the proposition, that a man who has by perjury injured another, should be answerable, yet, on a nearer inspection, when the mischiefs resulting from upholding that proposition are considered, the conclusion must be that it would be dangerous in the extreme to sustain the action. In the case of *Eyres* v. *Sedgwicke*, Cro. Jac. 601, it became a question whether a person who had made a false affidavit in chancery, whereby the plaintiff was imprisoned by the chancellor, was liable to an action for the injury, and it was held by all the judges except Houghton, that to punish this perjury by an action on the case, under pretense of a false oath, should not be suffered; and Houghton, who differed, admitted that if the defendant had come in by process of law as a witness, it had been otherwise, for then he would have been punishable by indictment. If, as said in *Smith* v. *Lewis*, the very person who has committed the supposed injury is not answerable civilly, surely the person procuring it will not be amenable.

These considerations lead to what was first said, that the case at bar can only be regarded as one for malicious prosecution; and as the alleged malicious prosecution occurred in the years 1878 and 1879, and this action was not commenced until September 3, 1883, the court below rightly held the action barred by the provisions of the Statute of Limitations. (*Piller* v. *S. P. R.*

Co. 52 Cal. 42; *Sharp* v. *Miller*, 54 Cal. 329; *Wood* v. *Currey*, 57 Cal. 208.)

Judgment affirmed.

McKINSTRY, J., and McKEE, J.. concurred.