[S. F. No. 1273.   Department One.—July 18, 1900.]

JAMES DOWDELL et al., Appellants, v. CHARLES CARPY et al., Respondents.

MALICIOUS PROSECUTION—CONSPIRACY OF DEFENDANTS—GRAVAMEN OF ACTION.—An action will not lie for a mere malicious conspiracy wrongfully to prosecute an action. In an action for the malicious prosecution of a civil action, where a malicious conspiracy of the defendants is alleged, the *gravamen* of the action is not the conspiracy, but the injury to the plaintiff, arising from the malicious prosecution of the action.

ID.—WANT OF PROBABLE CAUSE—TERMINATION OF PROSECUTION—INSUFFICIENT COMPLAINT.—A complaint in an action for the malicious prosecution of a civil action, which does not aver that the alleged prosecution was without probable cause, as well as malicious, nor that it had terminated before the action was brought, is fatally defective.

ID.—JUDGMENT FOR PLAINTIFF—REVERSAL UPON APPEAL—QUESTION OF PROBABLE CAUSE.—An averment that a judgment was rendered in favor of the plaintiff in the action alleged to have been maliciously prosecuted, and that it was reversed upon appeal, does not tend to show or raise a presumption that the action was without probable cause; but the rendition of the original judgment for the plaintiff would rather show probable cause for bringing the action, notwithstanding its ultimate reversal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Rogers & Paterson, for Appellants.

Daniel Titus, and Bigelow & Titus, for Charles Carpy, J. H. Wheeler, and California Wine Makers' Corporation, Respondents.

H. M. Barstow, for Owen Wade, Respondent.

Chickering, Thomas & Gregory, for California Wine Association, Respondent.

VAN DYKE, J.—The demurrer to the complaint was sustained, and the appeal is taken from the judgment entered thereon. The sufficiency of the complaint is the only question presented on appeal. It is contended on the part of the appellants that the action is for the recovery of damages for a conspiracy between defendants to injure plaintiffs. The case cited and relied upon to support this theory is *Dreaux v. Domec,* 18 Cal. 83. That was an action, however, for malicious prosecution. Several defendants were embraced in the action, the complaint averring "that the defendants contriving and maliciously intending to injure the plaintiff, etc., procured him to be indicted." A demurrer was interposed, among other grounds, because no averment was made of any joint agency on the part of the plaintiffs in instituting the prosecution, which demurrer was overruled. It is said in the opinion on the appeal: "It is well settled that this action for malicious prosecution will lie against several defendants. It is argued, however, that a conspiracy must be averred. It is true that an action lies for a conspiracy unjustly to prosecute a defendant; but we apprehend that this action is somewhat different, in form at least, from an action on the case for a malicious prosecution. The gist of this action is the malicious prosecution; that of the other is the conspiracy —the combining of two or more to do an unlawful and injurious act. In the first case we apprehend the cause of action is complete before an acquittal; in the other, the acquittal or termina-

tion of the prosecution is necessary to enable the plaintiff to maintain the suit. But, however this may be, we think that it would be holding the rule to unnecessary strictness to hold that the defendants are not sufficiently and clearly charged with a joint act, when but one general offense is charged, and this averred to be committed by all with the same unlawful motive, and that they all contrived to effect it."

The language of the opinion is not very clear. There seems to be an ambiguity as to which action reference is made, whether to malicious prosecution or conspiracy. It is stated that the cause of action is complete before acquittal. If in reference to an action for malicious prosecution, it is against all the authorities; and a mere conspiracy, without carrying out the purposes of the conspiracy or perpetrating some wrong, is not the ground for a civil action.

In *Saville v. Roberts*, 1 Ld. Raym. 378, Chief Justice Holt said: "An action will not lie for the greatest conspiracy imaginable if nothing be put in execution, but if the party be damaged the action will lie, from whence it follows that the damage is the ground of action." And in *Herron v. Hughes*, 25 Cal. 560, this court says: "A simple conspiracy, however atrocious, unless it results in actual damage to the party, never was the subject of a civil action, and, though such conspiracy be charged, the averment is immaterial and need not be proved. When two or more are sued for a wrong done, it may be necessary to prove a previous combination in order to secure a joint recovery, but it is never necessary to allege it, and, if alleged, it is not to be considered as of the gist of the action. That lies in the wrongful and damaging act done." In *Taylor v. Bidwell*, 65 Cal. 489, it is said: "The *gravamen* of the action is the alleged malicious prosecution. The averments of the complaint, with respect to the conspiracy of the defendants, are not of the gist of the action; that lies in the wrongful and damaging act done." In that case the complaint averred, in substance, that the defendants confederated together for the purpose of falsely charging the plaintiff and maliciously prosecuting him for the crime of arson. In the present case the complaint charges the defendants with conspiring and combining together to prosecute a civil action for the purpose of obtaining a judgment of

foreclosure and selling property of the plaintiff thereunder, wrongfully procuring the appointment of a receiver therein, and for dissuading parties from bidding at said foreclosure sale, thereby injuring their business and sacrificing their property, to their damage, etc.

*Parker v. Huntington*, 2 Gray, 124, was an action to recover damages against the defendants for conspiring together to maliciously prosecute the plaintiff upon a charge of perjury. The question arose as to whether the case was an action for conspiracy or for malicious prosecution. The court used the following language: "By the ancient forms of pleading, all actions for malicious prosecution where two or more were made defendants were laid with a charge of conspiracy. This practice is supposed to have had its origin in the phraseology of the statute of 21 Edward I, which gave the form of writs in such cases by using the words *'do placito conspirationis et transgressionis.'* But the charge of conspiracy was never deemed essential to an action, and in modern times this form of allegation has fallen into disuse. By the rules of common law an action of conspiracy, or, to use an equivalent expression, a writ of conspiracy, was never allowed but in two cases—one for conspiracy to procure a man to be indicted for treason; the other for conspiracy to prosecute a man for felony by which life was put in danger. This form of action, however, has become obsolete in those cases where it was allowed at common law, having been superseded by an action on the case in the nature of a conspiracy, which furnishes an adequate and more liberal remedy for malicious prosecutions of every nature and description. . . . . The gist of the action is not the conspiracy, but the damage done to the plaintiff by the acts of the defendants, and that is equally great, whether it be the result of a conspiracy or the act of a single individual. The insertion in the declaration of the averment that the acts were done in pursuance of a conspiracy does not change the nature of the action."

In this case, likewise, the *gravamen* of the action is the alleged malicious prosecution, and to support such action it must appear that the prosecution complained of was not only malicious but without probable cause, and that such prosecution has terminated. In this case the complaint shows that the prose-

cution complained of resulted in a judgment in the superior court in favor of the plaintiff therein, that an appeal was taken and such judgment was reversed. By reference to the case in this court (*Carpy v. Dowdell*, 115 Cal. 677), it appears that a new trial was ordered. And it is not alleged, nor does it appear from the complaint, that the litigation complained of had terminated before this action was brought, and the fact that the first judgment was reversed does not raise a presumption of want of probable cause. The recovery of a judgment in a court of competent jurisdiction would rather show probable cause for bringing the action, although such judgment may subsequently be reversed on appeal. It does not appear from the complaint in this cause that there was a want of probable cause, or that the litigation or proceedings complained of were terminated, and the complaint, therefore, is fatally defective. (*Hibbing v. Hyde*, 50 Cal. 206; *Anderson v. Coleman*, 53 Cal. 188; *Holliday v. Holliday*, 123 Cal. 26; *Dennehey v. Woodsum*, 100 Mass. 195; *Closson v. Staples*, 42 Vt. 209[1]; *Carpenter v. Nutter*, 127 Cal. 61.)

The demurrer was properly sustained and the judgment is affirmed.

Harrison, J., and Garoutte, J., concurred.