## FRAUD ON THE PART OF AN AGENT.

Circuit Court of Cuyahoga County.

THE SALEM IRON COMPANY v. LEONARD B. MILLER.*

Decided, June 26, 1905.

*Agency—Agent's Liability to Principal for Fraud and Failure to Defend Suits.*

An agent who enters into a contract on behalf of his principal with another company for whom he is sales agent, for merchandise at an exorbitant price and in unreasonable quantities, and who fails to defend an action instituted against his principal in another jurisdiction, and by false testimony in that action aids the selling company to obtain a judgment against the principal, is guilty of fraud for which his principal upon the discovery thereof may maintain an action against him for damages.

*Billingley & Clarke* and *Kline, Tolles & Goff*, for plaintiff in error.

*Goulder, Holding & Maslen*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This proceeding in error is prosecuted to reverse the judgment on the pleadings, rendered by the court of common pleas, in favor of defendant below. The parties here stand in the same relation as they stood there.

The petition alleges that Miller while secretary of the Salem Iron Company, and while he was also a member of the firm that were sales agents for the Lake Superior Consolidated Iron Mines, acted as agent for both parties in negotiating the sale of iron ore by the latter to the former company at an exorbitant price, and in a quantity far beyond the needs of the Salem Iron Company.

It further sets out that when this came to the knowledge of the board of directors of the Salem Iron Company they repudiated the contract as unauthorized and void. The mining company thereupon brought an action against the Salem Iron

*Reversed without opinion, *Salem Iron Co. v. Miller*, 76 Ohio State, 586,

Company in the federal court in Pennsylvania.  The latter company then called upon Miller to defend that action, which he failed to do, but instead, as is claimed; assisted the mining company with false testimony and otherwise, so that it prevailed.  This action was thereupon begun by the Salem Iron Company against Miller to recover the amount of the judgment which it paid in the former action.

The answer here denies the fraud, admits the other essential facts, and alleges that the Pennsylvania case was tried and determined upon the issues whether the contract between the two companies was authorized or ratified by the Salem Iron Company.  No reply was filed to his answer.

It is manifest that this is not a case of an agent binding his principal by a contract apparently within, but really without, the agent's authority.  In such a case the agent might be liable over.  Here Miller was admittedly agent for both parties, so that his real and apparent authority were equal.  If he did not have authority from the Salem Iron Company to enter into this contract, then the former action must have been determined as it was, because of a subsequent ratification of the contract by that company.  And that being true, it follows that whether Miller did or did not have authority this action seeks to hold him responsible, not for his own act merely, in contracting on behalf of the Salem Iron Company, but for an act which that company either antecedently or subsequently made its own.  This it can not do.

It is clearly bound by the adjudication in the former case, even though Miller was not a party thereto.  See *Atkinson* v. *White,* 60 Maine, 396.

But it is claimed that Miller fraudulently obtained an unjust adjudication of that issue by his own false testimony, and therefore this action can be maintained upon that ground alone.  We do not concur in this view.  The clear weight of authority is that perjury and subornation under such circumstances are not actionable civilly.  See *3 Encyc. of Pleadings and Practice,* 630, and cases there cited.  Also *Taylor* v. *Birdwell,* 65 Cal., 489.  To hold otherwise would be to foster endless litigation over the same subject-matter.  The judgment below is affirmed.