MARTEN v. HOLBROOK et al.

(Circuit Court, N. D. California. December 9, 1907.)

No. 13,855.

1. COURTS—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

 A complaint which alleges that defendants entered into a conspiracy by unlawful means to deprive plaintiff of his liberty and property, and that they unlawfully, forcibly, and without due process of law caused his arrest and confinement in a state insane asylum, states a cause of action for false imprisonment, not involving any federal question, and which it is the province of the state, and not the federal courts to redress.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 820–825.]

2. SAME.

 The provisions of the fourteenth constitutional amendment, securing personal rights, are directed against the states and their agencies, and not against the acts of private individuals, which give no right of action in the federal courts on the ground that a constitutional question is involved.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 820–825.

 Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

At Law. On demurrer to complaint.

Sooy & Dorn and C. W. Eastin, for plaintiff.

John W. Stetson, Jesse W. Lilienthal, and William G. Burke, City and County Atty., for defendants.

VAN FLEET, District Judge. The only ground of the demurrer interposed to the amended complaint which I deem it necessary or material to notice is that challenging the jurisdiction of this court. The pleading presents an evident attempt to state a cause of action under the provisions of the fourteenth amendment to the Constitution of the United States and the statutes enacted in pursuance thereof for a deprivation of civil rights, such as to bring it within the jurisdiction of the Circuit Court; but, stripped of immaterial matter and a wealth of adjectives that add nothing of substance, the complaint states no more to my mind than a cause of action for false imprisonment, a wrong which it is the province of the state, and not the federal, courts to redress.

While it is alleged that the defendants entered into a conspiracy to deprive plaintiff of certain enumerated rights to which he is entitled as a citizen of the United States and of this state, it very clearly appears that all the wrongs stated to have been inflicted upon the plaintiff through the alleged conspiracy grew out of and flowed from his arrest and confinement in the Mendocino State Hospital for the Insane, which latter act appears, according to the averments of the complaint, to have been the culmination of the antecedent acts of the defendant. The alleged conspiracy, therefore, does not constitute the gist or gravamen of the cause of action alleged; but it was the unlawful and unwarranted restraint of his person which worked the plaintiff injury. Taylor v. Bidwell, 65 Cal. 489, 4 Pac. 491; More v. Finger, 128 Cal. 313, 60 Pac. 933; Dowdell v. Carpy, 129 Cal. 168, 61 Pac. 948. In Taylor v. Bidwell, supra, Mr. Justice Ross, speaking for the court, says:

"The gravamen of the action is the alleged malicious prosecution. The averments of the complaint, with respect to the conspiracy of the defendants, are not of the gist of the action. That lies in the wrongful and damaging act done. Herron v. Hughes, 25 Cal. 560. Said Chief Justice Holt, in Savile v. Roberts, 1 Raym. Ld. 378: 'An action will not lie for the greatest conspiracy imaginable if nothing be put in execution; but if the party be damaged the action will lie. From whence it follows that the damage is the ground of the action.' See, also, Hutchins v. Hutchins, 7 Hill (N. Y.) 104 "

The other cases referred to are to like effect.

The provisions of the Constitution and laws of the United States, the protection of which it is sought here to invoke, do not relate to or include such merely private wrongs or transgressions as those complained of. The inhibitions of those enactments are against the state, its officers or agents, and not against the acts of merely private individuals acting as such. The invasion of the individual rights of one citizen by the unofficial and unsanctioned acts of another individual is left to the redress of the state or local tribunals whose jurisdiction is in no way intended to be affected by those provisions.

Ex parte Virginia, 100 U. S. 339, 25 L. Ed. 676; Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; Karem v. U. S., 121 Fed. 250, 57 C. C. A. 486, 61 L. R. A. 437; Civil Rights Cases, 109 U. S. 3, 3 Sup. Ct. 18, 27 L. Ed. 835; James v. Bowman, 190 U. S. 127, 23 Sup. Ct. 678, 47 L. Ed. 979.

It is not here alleged that any of the acts charged against the defendants were committed by them under color of any statute, ordinance, regulation, custom, or usage of the state, nor that the defendants or any of them in the acts complained of were acting in the capacity of officers, agents, or servants of the state, or under color of its authority or direction. In fact, it is not alleged that they acted in any official character whatsoever; and, being sued as private individuals, it is to be presumed that in their capacity as such they are intended to be charged. The allegations in this respect are, in substance, that the defendants entered into a conspiracy "by unlawful means" to deprive the plaintiff of his rights and to deprive him of his property "without due process of law"; that, "without process, warrant, or authority of law," they assaulted, overpowered, manacled, etc., the complainant, and took and confined him in the state insane asylum, "without proper authority"; that they "unlawfully, forcibly, and without due process of law possessed themselves of his body," etc. Indeed, all the acts charged against the defendants are characterized as "unauthorized acts"; the only approach to an allegation that they were done under color or authority of law being that they obtained control of the person of the plaintiff "under color of alleged or pretended statutes, ordinances, regulations, customs, and usages of the state of California and with the aid of forgery, falsification of the public records," etc., and secured his confinement in a state asylum. This allegation cannot be construed as sufficient to show that the state, its officers, or agents were in any wise concerned in or abetted the acts of the defendants, nor that those acts were committed in pursuance of its sanction or authority. The result is that the complaint shows nothing more than a personal trespass or wrong committed by private individuals.

The demurrer will be sustained, and the action dismissed.