Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

---

HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* BENET ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1282.—Decided June 14, 1915.

DAMAGES—CIVIL ACTION FOR PERJURY—PENAL REMEDY—INTEREST REPUBLICAE UT SIT FINIS LITIUM.—No civil action for perjury existed under the common law of England nor is such right conferred by sections 1059 and 1803 of the Civil Code.  The act or damage to which section 1803 refers must be the

proximate result of the injury and cannot refer to so remote a thing as a judgment against a plaintiff where he loses or fails to win on account of the false testimony. In the interest of general litigation the remedy is strictly penal. *Interest reipublicœ ut sit finis litium.*

The facts are stated in the opinion.

The appellant appeared by brief *pro se.'*

Respondent José Benet appeared *pro se.*

Respondent Mariano Riera Palmer did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a case in which the District Court of Mayagüez overruled a demurrer to a complaint. Subsequently, but without any showing in the record of how the matter came before the court, a subsequent judge of the same court sustained a motion to render judgment on the pleadings because of the insufficiency of the complaint. The complainant was given leave to amend and filed an amended complaint, thereby waiving any supposed irregularities to which he now alludes in his brief. When the amended complaint was filed, the defendants, before a third successive judge of the same court, moved that the said complaint be stricken out and for judgment. The ground of the motion was that the amended complaint was substantially the same as the original one. The motion was granted and judgment entered for defendant. If it appears on examination that the amended complaint is insufficient in law, the consideration of the original complaint or intermediate steps is unnecessary, as there is no complaint of a lack of due hearing.

The amended complaint set up that the defendants maliciously and falsely swore to facts against the complainant that were not true. The respondents partially rely on the fact that the statement of one defendant was on information and belief while the statement of the other defendant was accepted as true by the court, both these facts appearing from the complaint. But the respondents principally rely on the fact that there is no civil action for perjury. It did not exist under the common law of England, the authorities say-

ing that if civil action for perjury were tolerated litigation would be endless. *Phelps* v. *Stearns,* 4 Gray, 105, 64 A. D., 61; *Pico* v. *Cohn,* 91 Cal., 134; *Taylor* v. *Bidwell,* 65 Cal., 489; 1 Cyc., 68. Neither is such a right conferred by sections 1059 or 1803 of the Civil Code as maintained by appellant. The act or damage to which section 1803 refers must be the proximate result of the injury and cannot refer to so remote a thing as a judgment against a complainant where he loses or fails to win on account of the false testimony. Nor would an obligation as mentioned in section 1059 arise from a perjured statement. In the interest of general litigation the remedy is strictly penal. *Interest reipublicæ ut sit finis litium.* The judgment must be

> *Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.