HERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* BENET ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa sobre daños y perjuicios por perjurio.

No. 1282.—Resuelto en junio 14, 1915.

DAÑOS Y PERJUICIOS—ACCIÓN CIVIL POR PERJURIO—REMEDIO PENAL—ARTÍCULOS
1059 Y 1803 DEL CÓDIGO CIVIL—INTEREST REIPUBLICÆ UT SIT FINIS LITIUM.—
La acción civil por perjurio no existía de acuerdo con la ley común de Ingla-
terra, ni tampoco ha sido conferido tal derecho por los artículos 1059 y 1803
del Código Civil. El acto o daño a que hace referencia el artículo 1803
debe ser la consecuencia inmediata del daño y no puede referirse a una cosa
tan remota como lo es una sentencia contra un demandante en que pierda
o deje de ganar con motivo de la falsa declaración. Ni surgiría tampoco la
obligación a que se refiere el artículo 1059, de una declaración falsa. En
bien del litigio en general el remedio es estrictamente penal. *Interest reipu-
blicæ ut sit finis litium.*

Los hechos están expresados en la opinión.
El apelante compareció por escrito en nombre propio.
El apelado Sr. José Benet compareció en nombre propio.
El apelado Sr. Mariano Riera Palmer no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Este fué un caso en el cual la Corte de Distrito de Maya-
güez declaró sin lugar una excepción previa formulada a
la demanda. Posteriormente, pero sin existir constancia al-
guna en los autos de cómo fué que quedó sometida la cues-
tión a la corte, un juez que luego fué nombrado para la misma
corte declaró con lugar una moción en la que se solicitaba
que fuera dictada sentencia sobre los alegatos por ser insu-
ficiente la demanda. Habiéndose concedido permiso al de-
mandante para hacer enmiendas presentó éste su demanda
enmendada renunciando por ello a las supuestas irregularida-
des a las cuales hace referencia ahora en su alegato. Al ser
radicada la demanda enmendada solicitaron los demandados
del tercer juez que ocupó dicha corte que fuera eliminada di-
cha demanda y se dictara sentencia. La moción se fundaba en
que la demanda enmendada era sustancialmente igual a la

original. Dicha moción fué declarada con lugar dictándose sentencia a favor de los demandados. Si de un examen de la demanda enmendada aparece que ésta es insuficiente de acuerdo con la ley, no es necesario considerar la demanda original o procedimientos interlocutorios puesto que no existe queja de la falta de audiencia debida.

En la demanda enmendada se expresa que los demandados maliciosa y falsamente juraron respecto a la veracidad de hechos contra el demandante que no eran ciertos. Los apelados se fundan en parte en el hecho de que la manifestación hecha por uno de los demandados fué por información y creencia mientras que la del otro demandado fué aceptada como verdadera por la corte, apareciendo ambos hechos de la demanda. Pero los apelados se basan principalmente en el hecho de que no existe acción civil por perjurio. Esta no existía de acuerdo con la ley común de Inglaterra siendo el parecer de las autoridades que si se permitiera la acción civil por perjurio serían interminables los litigios. *Phelps v. Stearns,* 4 Gray 105, 64 A. D., 61; *Pico v. Cohn,* 91 Cal., 134; *Taylor v. Bidwell,* 65 Cal., 489. 1 Cyc., 68. Tampoco ha sido conferido tal derecho por los artículos 1059 ó 1803 del Código Civil como alega el apelante. El acto o daño a que hace referencia el artículo 1803 debe ser la consecuencia inmediata del daño y no puede referirse a una cosa tan remota como lo es una sentencia contra un demandante en que pierde o deja de ganar con motivo de la falsa declaración. Ni surgiría tampoco la obligación a que se refiere el artículo 1059 de una declaración falsa. En bien del litigio en general el remedio es estrictamente penal. *Interest reipublicæ ut sit finis litium.* La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.