[Civ. No. 11494.   Second Appellate District, Division One.—October 19, 1938.]

KATIE M. EUSTACE, Appellant, v. RAPHAEL DECHTER et al., Respondents.

H. F. Poyet for Appellant.

Lotta A. Wagner, *in pro. per.*, R. Dechter and B. L. Hoyt for Respondents.

YORK, J.—This is an appeal from judgments of dismissal after both general and special demurrers to the fourth amended complaint had been sustained without leave to amend. Appellant also attempts to appeal from the order sustaining said demurrers. Appellant sued respondents for damages for maliciously and without probable cause instituting a bankruptcy proceeding against her, having a receiver appointed and a citation for contempt issued, whereby she was imprisoned and deprived of her liberty.

From the allegations of the fourth amended complaint it appears that one John M. Eustace, husband of appellant, was engaged in the plumbing business under the fictitious name of Eustace Plumbing Company; that appellant and the respondent A. M. Kupfer were jointly engaged in the drilling of an oil well in the Baldwin hills; that in connection with said last-mentioned venture, respondent Coates on behalf of respondent Oil Tool Exchange, acting through their attorney Dechter, secured a judgment against appellant and said Kupfer for $6,284.02; also that respondents Spiers and Meadows had an action pending against appellant and Kupfer on August 23, 1934. It also appears that prior to and culminating on said August 23, 1934, respondent Lotta A. Wagner maliciously, falsely and wickedly by promises and inducements solicited respondents Dechter and Kupfer "to procure or cause to be procured contempt and/or malicious arrest charges to be preferred and obtained against the plaintiff . . . and as a part of said unlawful scheme and without probable cause and with malice aforesaid did further likewise engineer by reason of her intimate and personal knowledge of the affairs of the plaintiff and cause to be filed an involuntary petition in bankruptcy entitled, 'In the matter of Katie M. Eustace, doing business as Eustace Plumbing Company, alleged bankrupt . . . ' ". As a further step in her wicked and malicious scheme, it is alleged that respondent Wagner procured respondent Kupfer, who then became a party to said plan, to file a petition for the appointment of a receiver in the bankruptcy matter; that respondent Lynch was appointed such receiver, and "immediately upon his qualifica-

tion as receiver, E. A. Lynch, pursuant to the wicked and malicious scheme and plan of the defendant Lotta A. Wagner to cause the arrest of the said plaintiff for contempt and upon her insistence'', did on or about September 10, 1934, seek to take possession of the plumbing business of John M. Eustace, husband of appellant; that said move by such receiver was opposed by appellant and her attorney, Charles W. Fourl, and said receiver was advised by them that the premises and business were owned by John M. Eustace, and said receiver was ordered and requested to quit and vacate said premises; that respondent Wagner ''in an attempt to break said plaintiff financially and otherwise and to procure her arrest for contempt, continued to urge and procured the defendants Lynch and Dechter and the remaining defendants 'to crash' the plumbing business of John M. Eustace thereby maliciously and wickedly damaging the plaintiff and in pursuance thereof attempted to have said defendant Lynch, through threats and coercion to have the plaintiff surrender her husband's keys to the plumbing business aforesaid and upon being informed by the plaintiff and her attorney that said defendant Lynch had no right to possession said Lotta A. Wagner thereupon marshalled the remaining defendants and thereafter on or about September 11, 1934, caused E. A. Lynch to file a petition for an order to show cause why the plaintiff should not be found in contempt of court and as a result thereof said E. A. Lynch filed a petition for contempt against said plaintiff in which all of said defendants aided and abetted him in preparing and filing said petition''. That on September 13, 1934, pursuant to such false and fraudulent acts of respondents, an order was entered by the United States District Court upon said petition after testimony was offered, respondents ''then and there knowing that such charges were false'', which said order found appellant guilty of criminal contempt of court and directed that the premises of the plumbing company be restored to the receiver, and on September 24, 1934, appellant was committed to the Orange County jail until a fine of $1,000 should be paid. A stay of execution was denied and appellant was confined in custody and restrained of her liberty for approximately eight hours. An appeal from the judgment of contempt was taken, and on December 17, 1935, the United States Circuit Court of Appeals for the Ninth Circuit reversed the said judgment

(*Eustace* v. *Lynch*, 80 Fed. (2d) 652), with instructions to dismiss the proceedings, whereupon respondents dismissed the bankruptcy proceedings. It is further alleged by the complaint that "said plaintiff Katie M. Eustace was fully and completely acquitted and adjudged not guilty of said charges of contempt and each of them; that said case and charges and each of them have now been fully and finally determined and terminated in plaintiff's favor".

It was also alleged that respondents Lindsay and Grey "unlawfully, falsely and maliciously and pursuant to the aforesaid wicked and malicious scheme and nefarious plans of said Lotta A. Wagner and with the intent to injure, annoy and harass the plaintiff, did join with the remaining defendants in each, all and every of the actions aforesaid"; that the respondents and each of them by their acts, representations and through the direction and guiding genius of the respondent Wagner caused the said wicked and malicious arrest of the appellant through order of contempt of court of the United States District Court at Los Angeles; that appellant was arrested and imprisoned for approximately eight hours and finally procured bail in the sum of $1,000 to obtain her release from said wicked arrest and defamatory charges. "That in so doing the defendants acted maliciously and without probable cause in obtaining the arrest and detention of plaintiff on said contempt charges."

It is further alleged that "many persons, whose names are unknown to the plaintiff, hearing of said arrest and supposing the plaintiff to be a criminal have ceased to do business with her and in consequence of said arrest.plaintiff has been greatly damaged in and to her good name and reputation in the community in which she has lived for the past forty-five years and by reason and means thereof she has sustained great and grievous anguish, humiliation, injury to her person, good name, business and reputation in the sum of $100,-000.00". In addition she prays for $3,000 on account of attorneys' fees and costs and $100,000 exemplary damages.

Appellant here urges that the fourth amended complaint states a cause of action for malicious prosecution; that the trial court erred in sustaining the demurrers interposed thereto and abused its discretion in refusing to allow further amendment.

■ To state a cause of action in malicious prosecution, the complaint must allege the institution of some judicial proceeding or legal process, with malice and without probable cause, and the final termination of such proceeding in favor of the plaintiff. (16 Cal. Jur. 744, sec. 13.)

The gravamen of the action is the malicious prosecution of a criminal charge without probable cause and that such prosecution has terminated. (*Dowdell* v. *Carpy*, 129 Cal. 168, 171 [61 Pac. 948]; *Andrews* v. *Young*, 21 Cal. App. (2d) 523 [69 Pac. (2d) 891].)

"A malicious prosecution being one begun in malice without probable cause to believe the charges can be sustained, a complaint to enforce liability for such prosecution is properly confined to a statement of these substantive elements. Averments of conspiracy and of knowledge of the falsity of the charge, and the salting and peppering of the declaration with vituperative epithets may serve for embellishment, but contribute no substantial increment to the cause pleaded. In the conduct of a trial, evidence of conspiracy and knowledge of falsity of the charge may be relevant in proof of lack of probable cause and of malice; but for purposes of pleading such evidentiary averments add nothing material to the statement of the case, and are to be treated as surplusage." (*White* v. *Brinkman*, 23 Cal. App. (2d) 307, 313 [73 Pac. (2d) 254].)

■ Although the fourth amended complaint herein is undoubtedly demurrable on the ground of uncertainty and ambiguity, as well as misjoinder of two causes of action, the only question before this court is whether or not it was error on the part of the trial court to sustain the general demurrers without leave to amend and thereafter to enter the judgment of dismissal.

The opinion of the Circuit Court of Appeals for the Ninth Circuit in the matter of *Eustace* v. *Lynch, supra,* sets forth a partial recital of the facts involved, and while all of the matters upon which appellant is apparently attempting to base her complaint herein are not shown directly by said opinion, except with regard to the offer of proof made by appellants in that proceeding, the court does call attention to the fact that the contempt proceeding was originally tried and determined as a civil contempt.

Of course, it is not incumbent upon this court to suggest what appellant should allege in her complaint herein, for the reason that this court is unfamiliar with the actual facts because the fourth amended complaint herein mainly states conclusions of law. Furthermore, the opinion of the Circuit Court of Appeals, hereinbefore referred to, does not completely state the facts which form the basis of the instant action, owing to the fact that the federal trial court sustained objections to the introduction of evidence which had been offered by appellants in that proceeding.

Although the patience of the trial court in the instant action must have been sorely tried by the uncertainties and ambiguities appearing on the face of the fourth amended complaint, and although the general demurrers could probably have been sustained on the ground that conclusions of law rather than ultimate facts were pleaded, as well as the attempted statement of two causes of action without separately pleading such causes, nevertheless, the appellant should be granted an opportunity to allege ultimate facts with such certainty that the trial court may determine whether or not appellant can state a cause of action, and also that appellant may separately state her two causes of action, if that is what she intended to do, and if she is so advised.

The attempted appeal from the order sustaining the demurrers is dismissed. The judgments of dismissal are reversed and the trial court is directed to enter an order granting appellant leave to file a fifth amended complaint.

Doran, J., and White, J., concurred.