[Civ. No. 32112.   Second Dist., Div. One.   May 16, 1968.]

MICHAEL CUNNINGHAM et al., Plaintiffs and Appellants, v. BURBANK BOARD OF REALTORS et al., Defendants and Respondents.

Cannon & Harmer, John L. Harmer, David H. Cannon, Kirtland & Packard and Donald K. Fitzpatrick for Plaintiffs and Appellants.

Marlan Proctor for Defendants and Respondents.

FOURT, J.—This is an appeal from a judgment of dismissal entered after defendants' demurrer to plaintiffs' third amended complaint was sustained without leave to amend.

In a third amended complaint plaintiffs allege among other things that they are, and were, individually members of the Burbank Board of Realtors (hereafter referred to as Board), that they were doing business as brokers and salesmen, that they had invested many years and thousands of dollars in the development of the business which had been highly profitable and gave promise of being more so in the future: that the Board is a nonprofit corporation organized under the laws of California, that Ernest J. Fazio is a realtor and does business in Burbank, that the other individually named defendants are the officers and directors of the Board: that plaintiffs since March 1959 have been active members in good standing of the Board, have used the title or term "realtor" in their business operations, that such use of such name is of great value to plaintiffs, that as members of the Board they are entitled to

additional rights and benefits of great value: that the by-laws of the Board provide in effect that there must be a three-fourths ($\frac{3}{4}$) vote of the total number of the board of directors of the Board before a member can be censured, fined or suspended from the Board: that on March 10, 1966, defendants in violation of the Board rules and laws made a ruling of censure, and an imposition of a fine upon and against plaintiffs without a three-fourths ($\frac{3}{4}$) vote of the members of the board of directors. A letter of the Board to this effect is attached as an exhibit to the amended complaint. Plaintiffs further allege that the ruling of the Board was made at a hearing arising out of the ''Fazio-Cunningham Arbitration'' which had been initiated in September 1965. Mayme Cunningham, one of the plaintiffs, was never notified of said arbitration proceedings nor was she a party thereto; she was never notified or served with any papers with reference to any hearings before the Board, other than as alleged; she has never been granted a hearing before the Board with reference to any arbitration or real estate transaction which was the subject matter of the arbitration and hearing though she requested the same. Plaintiffs allege that on May 18, 1966, Mayme Cunningham was notified that she would be suspended or expelled from membership within seventy-two (72) hours unless she paid a fine of $1,047.50: that on May 18, 1966, Michael Cunningham received notice of impending suspension or expulsion from membership in the Board unless within seventy-two (72) hours he paid the fine theretofore assessed by the Board; that the Board since March 10, 1966, has failed and refused to grant a hearing and has ignored requests of plaintiffs to obtain a hearing, review or any further proceedings with reference to the matter, that the Board has acted in all of the matters in an arbitrary and capricious manner. That the ruling of the Board was made in violation of the principles of natural justice, a denial of a fair trial, without adequate opportunity to plaintiffs to be heard or to defend themselves, that Michael Cunningham was given about thirty (30) minutes notice of the hearing before the Board. That plaintiffs did nothing to justify or give cause to the Board to make any such ruling. That the action of the Board has a continuing and adverse effect upon the good name and reputation of plaintiffs. That to avoid being expelled plaintiffs paid under protest the sum of $1,047.50, that had plaintiffs been expelled they would have lost their membership in the Burbank Multiple Listing Association, and the California Real Estate

Association. That expulsion would have made it impossible for plaintiffs to continue in business. That plaintiffs have suffered damages to themselves and their business through loss of sales. That the Board should be directed to correct the erroneous ruling and refund the fine. In a second cause of action plaintiffs incorporate substantially all of the first cause of action by reference and then allege that the board of directors of the Board acted without any cause or evidence in finding plaintiffs guilty of unethical conduct and that the ruling is based upon the false and malicious accusations of defendant Ernest Fazio. That plaintiffs suffered damages on account thereof.

There can be no doubt that membership in a professional society, trade or business association is a valuable right and such membership cannot be terminated or interfered with contrary to the fundamental requirements of the law. (*Kronen* v. *Pacific Coast Soc. of Orthodontists,* 237 Cal.App.2d 289 [46 Cal.Rptr. 808] ; *Swital* v. *Real Estate Comr.,* 116 Cal.App. 2d 677 [254 P.2d 587] ; *Cason* v. *Glass Bottle Blowers Assn.,* 37 Cal.2d 134 [231 P.2d 6, 21 A.L.R.2d 1387] ; *Smith* v. *Kern County Medical Assn.,* 19 Cal.2d 263 [120 P.2d 874].) There should be no fundamental distinction between a medical association, a labor union, a fraternal or beneficial association. (*Bernstein* v. *Alameda etc. Medical Assn.,* 139 Cal.App.2d 241, 253 [293 P.2d 862].) Courts will review any expulsion from an association or interference with the right to pursue a lawful business when such business "is intentionally interfered with either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification." (*Willis* v. *Santa Ana etc. Hospital Assn.,* 58 Cal.2d 806, 810 [26 Cal.Rptr. 640, 376 P.2d 568] ; See also 20 A.L.R.2d 523.)

A member of an association is entitled to a full and fair hearing on the charge leading to any expulsion and the hearing must be in accordance with the rules of the association and the law of the land. (*Cason* v. *Glass Bottle Blowers Assn., supra; Bernstein* v. *Alameda etc. Medical Assn., supra; Smith* v. *Kern County Medical Assn., supra; Swital* v. *Real Estate Comr., supra.*) Each member is entitled to adequate notice, an adequate opportunity to defend himself, a properly constituted tribunal and a decision based upon the evidence presented.

In this case the record discloses that plaintiffs sought in the first instance to obtain an order restraining the Board from

expelling them or fining them until there could be a judicial review of the proceedings conducted by the Board. A judge of the trial court advised that the plaintiffs had a legal remedy, namely that of paying the fine under protest and proceeding with their action. The issuance of a temporary restraining order was denied. The complaint was then amended as a matter of course and without leave of court to state and to file the first amended complaint. A demurrer to the first amended complaint was sustained upon defendants' supplying supplemental points and authorities in compliance with the rules. David Cannon was the attorney who until this time had worked on the case and he suffered a critical illness a few days before the second amended complaint was due to be filed. Donald Fitzpatrick, an attorney in the office of David Cannon, had the matter called to his attention the evening before the second amended complaint was to be filed. The attorney for defendants was called and refused to give an extension or to stipulate to any continuance which would give Cannon an opportunity to recover and to continue with his practice. Fitzpatrick drafted a second amended complaint from what was available in the file and made a motion to file the second amended complaint. A demurrer to the second amended complaint was sustained. Cannon was released from the hospital to bed rest at home and Fitzpatrick drafted the third amended complaint with the assistance of Cannon when he could be disturbed, as counsel for defendants again refused to stipulate to further time within which to amend. The third amended complaint was filed. Cannon appeared at the hearing on the demurrer to the third amended complaint. Cannon said at the start of the hearing: "There is a new demurrer and I really think the demurrer is good. I have never worked on the matter at all since the very inception of the case. I drew the first complaint . . . A third complaint has been filed, so I understand from Mr. Fitzpatrick. I didn't look at the file until last night because I have been ill. If it's possible and agreeable to the Court, I would like some more time to amend. . . . I can draw the complaint to hold up. . . ." The court thereupon stated: " [T]his has been amended twice now and the demurrers were sustained twice. I am going to sustain it a third time without leave to amend. . . . Now, you can proceed from there."

The court's minutes disclose as follows: "Demurrer sustained without leave to amend *on ground there are insufficient facts set forth to form a cause of action.*" (Italics added.)

The judgment of dismissal recited that the complaint failed to set-forth facts sufficient to state a cause of action, that the said complaint is uncertain, ambiguous and unintelligible, that plaintiffs' counsel stated in open court that the demurrer should be sustained and that the action should be dismissed.

A pleader ". . . should be entitled to rely upon a statement in the order sustaining the demurrer as to the ground upon which it is made. ██ When a demurrer based upon both general and special grounds is sustained and the order mentions only the general ground, impliedly the ruling was made either without consideration of the special grounds or upon a determination that they are not well taken. If the general demurrer was sustained erroneously, the trial judge should be directed to consider the special grounds. [Citation.] Under a contrary rule, the pleader could not profit from the appeal unless he has anticipated the ruling to be made on the special demurrer and amended his pleading to remedy any defects.'' (*Stowe* v. *Fritzie Hotels, Inc.*, 44 Cal.2d 416, 425-426 [282 P.2d 890].)

Appellants assert vigorously that the third amended complaint does state a cause of action. Respondents contend that the demurrer was well taken, that appellants have stated conclusions of law and no facts to constitute a cause of action.

██ Certainly the elements of a cause of action are stated in the third amended complaint. Admittedly, (by counsel for appellants at the time of hearing the demurrer) there was a defect in form and perhaps other defects. However, it was made fairly clear and reasonably so under the circumstances that the complaint could be amended to state causes of action. Under these circumstances an opportunity to file an amended complaint should have been afforded and it was error and an abuse of discretion to sustain the demurrer without leave to amend and to give judgment to defendants. (See *Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358]; *Kraft* v. *Smith*, 24 Cal.2d 124, 132 [148 P.2d 23]; *Veterans' Welfare Board* v. *City of Oakland*, 74 Cal.App.2d 818, 822 [169 P.2d 1000]; *Davis* v. *Wood*, 61 Cal.App.2d 788, 798 [143 P.2d 740]; *Hillman* v. *Hillman Land Co.*, 81 Cal.App.2d 174, 181 [183 P.2d 730]; *Kauffman* v. *Bobo & Wood*, 99 Cal.App.2d 322, 323 [221 P.2d 750]; *Katz* v. *Driscoll*, 86 Cal.App.2d 313, 316 [194 P.2d 822]; *Eustace* v. *Dechter*, 28 Cal.App.2d 706, 711 [83 P.2d 523].)

We are persuaded that plaintiffs can amend the pleading so as to state a cause of action. (See *Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97, 104 [114 P.2d 1].) The plaintiffs here are not attempting the "legally impossible," nor if properly stated does there seem to be any "lack of fact."

It is not at all probable from the nature of the claimed defects and the previous unsuccessful attempts to plead that the plaintiffs cannot state a cause of action. There can be no inference under the circumstances of this case that the previous failures arose from want of facts rather than from lack of skill in stating them. In any event the limitation should not be restricted to some arbitrary number of complaints which can be filed.

True, there is a limit to which the trial court may be extended in allowing repeated amended pleadings, but under the facts and circumstances of this case we think that justice will be done if plaintiffs are permitted to file an amended complaint.

Here there was no statement by counsel for plaintiffs that he had stated the case as strongly as it could be stated. As stated in *Nevada County & Sacramento Canal Co.* v. *Kidd,* 28 Cal. 673, 684: "He [the pleader] asks no mercy and is entitled to no quarter. But that is not this case. Here the pleader confesses that his pleading is bad, and that it imperfectly and ambiguously expresses his meaning and intent, and he therefore appeals to the mercy of the Court to be allowed to amend it 'in furtherance of justice,' so as to present more clearly his cause of complaint. To such a case, the rule under consideration, which is a rule of war and not of mercy, can have no possible application; on the contrary, the utmost liberality, consistent with the ends of justice, ought to be exercised by the Court."

The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.