## Ownby F. Hocker, Plaintiff in Error, v. Fred W. Welti et al., Defendants in Error.

### Gen. No. 30,277.

1. MALICIOUS PROSECUTION—*sufficiency of declaration charging successful conspiracy to cause commitment as insane.* A declaration in case alleging in substance that defendants conspired to have plaintiff declared insane, with malicious intent to injure him and have him imprisoned, that they caused plaintiff's wife to "swear to a complaint" charging him to be insane, caused his arrest and detention under a warrant charging him to be insane, and by means of false testimony as to his mental condition, caused the county judge to adjudge him to be insane and to order him committed, and that more than a year thereafter he was adjudged by the same court to be "sane and restored to his reason," was demurrable if intended to state a cause of action for malicious prosecution, because failing to allege want of probable cause for the lunacy proceedings, and a final determination thereof in plaintiff's favor.

2. MALICIOUS PROSECUTION—*judgment of restoration to sanity as final determination of lunacy proceedings in plaintiff's favor.* A judgment of the county court that one formerly adjudged insane and ordered committed is "adjudged to be sane and restored to his reason" is not equivalent to a determination that the former judgment was erroneous, or that the order of commitment was improperly entered, for the purpose of establishing a predicate for an action of malicious prosecution.

3. ABUSE OF PROCESS—*sufficiency of declaration based upon procuring of warrant charging insanity and proceedings thereon.* A declaration in case alleging a conspiracy to have plaintiff declared insane, and that the defendants caused a warrant to issue charging him with being insane and caused him to be arrested and detained thereunder, and thereafter by procuring false testimony as to his mental condition caused him to be adjudged insane and committed, held demurrable if considered as stating a cause of action for malicious abuse of process, because showing on its face that the process alleged to have been obtained with improper motives was regularly issued and was used for the purpose of its issuance.

4. CONSPIRACY—*sufficiency of declaration charging successful conspiracy to cause commitment as insane by use of false testimony.* A declaration in case alleging a successful conspiracy to

have plaintiff adjudged insane and committed to an asylum, and averring that it was accomplished by suborning witnesses to testify falsely as to plaintiff's mental condition, is demurrable on the ground that plaintiff was not damaged by such false testimony, the declaration showing on its face that plaintiff was adjudged insane, and containing no allegation that he was not insane when so adjudged.

5. Conspiracy—*essential elements of action based upon successful conspiracy to cause commitment as insane by use of false testimony.* It is an essential element of a cause of action for damages based upon a conspiracy to procure an indictment or prosecution, and the accomplishment of that purpose by the subornation of witnesses to swear falsely, that there shall appear to have been a want of probable cause for such indictment or prosecution.

6. Fraud and deceit—*public policy against maintenance of civil action based upon subornation of perjury.* It is contrary to public policy to permit the maintenance of a civil action for damages predicated upon the suborning of witnesses to swear falsely.

Error by plaintiff to the Superior Court of Cook county; the Hon. Joseph B. David, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Affirmed. Opinion filed February 2, 1926.

William S. Stahl, for plaintiff in error.

Harry A. Biossat, for defendants in error.

Mr. Justice Fitch delivered the opinion of the court.

The question involved in this appeal is whether the superior court erred in sustaining a general demurrer to plaintiff's declaration.

The declaration is in case. It consists of two counts, the first of which alleges, in substance, that defendants, knowing that plaintiff was a man of good repute and engaged in lucrative employment, conspired to have him declared insane, with the malicious intent to injure him and bring him into public disgrace and have him incarcerated; that they caused plaintiff's wife to go before the clerk of the county court in Chicago and "swear to a complaint" charging plaintiff to be insane, and "by reason of false and untrue statements

and representations'' they secured a letter from a Chicago physician to the effect "that plaintiff was a man of unsound mind and needed institutional attention," and caused the same to be filed with the clerk of the county court, and caused a warrant to issue against the plaintiff charging him with being insane, and caused him to be arrested under such warrant and detained in the psychopathic hospital of Chicago; that, as a further part of the conspiracy, they procured witnesses to appear before the county court upon the hearing of "his case," and to give false testimony "in regard to his mental condition" and in regard "to the acts, doings and sayings of plaintiff," and thereby caused the judge of the county court to find and to adjudge him insane, and to order him committed to a State hospital for the insane, where he remained from July 28, 1921, to February 6, 1922; that during that time, and thereafter until September 27, 1922, his "legal status" was that of an insane person; that on the date last mentioned he was "adjudged to be sane and restored to his reason," by the finding and judgment of the same court, and that he brings his suit within two years "from the date of his restoration to reason by said county court." The second count is substantially the same, except that it is more specific in setting forth the alleged false testimony that was given in the hearing before the county court.

If the cause of action intended to be stated by the plaintiff is an action for the malicious prosecution of the insanity proceeding, it is fatally defective in not alleging a want of probable cause for the insanity proceeding and a final termination of it in favor of the plaintiff. (*Burt v. Smith,* 181 N. Y. 1, 5.) The allegation that plaintiff was "restored to his reason" by the second order of the county court is not equivalent to an allegation that the proceeding, alleged to have been instigated by the defendants, terminated in plaintiff's favor. The second finding did not have the effect

of determining that the first finding was erroneous, as seems to be contended in the reply brief of appellant's counsel. Both findings are authorized by statute, but the second may only be entered subsequent to the discharge of a patient from the asylum, and upon evidence which satisfies the court "of his recovery," i. e., that since the first order was entered, the patient has recovered the use of his normal mental faculties. (Cahill's St. 1925, ch. 85, sec. 25.) While the second order "restores the patient to all his rights as a citizen," it does not adjudge that the first order was improperly entered.

There is a recognized distinction, in pleading, between actions for malicious prosecution and actions for malicious abuse of process. In the latter, want of probable cause and a termination of the suit are not required to be alleged or proved. But such an action is based upon the improper use of legal process, while here, the averments of the declaration show that although the process is alleged to have been obtained with improper motives, it was regularly issued, and was used for the purpose for which it was issued, namely, to detain the plaintiff until he could be tried on a charge of insanity. "Legal and legitimate use of process, though with a bad intention, is not a malicious abuse of process." (*Bonney v. King,* 201 Ill. 47, 51.) It follows that the declaration is demurrable, if the cause of action intended to be set up is one for malicious prosecution, or for the malicious abuse of process.

Nor can the declaration be sustained as a statement of a cause of action against defendants for their alleged subornation of perjury regarding plaintiff's alleged insanity, for several reasons, the first of which is that if plaintiff was in fact insane at the time, as the county court found—and there is no allegation in the declaration to the contrary—no damage could re-

sult to the plaintiff from alleged "false testimony" to the effect that he was then insane.

Furthermore, while actions for damages resulting from an alleged conspiracy of that character have been generally superseded by the modern action on the case for malicious prosecution, yet even under the old practice the same averments as to want of probable cause, etc., were essential. 1 Chitty on Pleadings, *133, states, in substance, that formerly it was usual, in cases where several persons combined in the malicious, unfounded prosecution of a criminal charge, "to proceed by writ of conspiracy, but the action on the case is now the usual remedy." In 3 Blackstone's Commentaries, *126, speaking of destroying one's reputation by malicious indictments and prosecutions, the author says: "The law has given a very adequate remedy in damages, either by an action of conspiracy * * * or, which is the more usual way, by a special action on the case for a false and malicious prosecution." In *Dunlap v. Glidden,* 31 Me. 435, a judgment had been rendered in favor of Glidden against Dunlap for the recovery of real estate, and thereafter Dunlap brought two suits against Glidden and others, alleging that the verdict was false and was procured by the defendants through fraud and perjury under a conspiracy to effect that purpose. The court held the actions were analogous to the action of conspiracy at common law, and that in such actions it must appear that the plaintiff has been acquitted or discharged from the prosecution against him. The court adds: "But these actions have been superseded by the modern action for malicious prosecution, * * * in which action the plaintiff must show a want of probable cause as one of its essential elements."

Another reason is even more conclusive. It is that if the declaration can be considered not as an action for malicious prosecution, but merely as a statement of a cause of action for damages resulting solely from

the alleged acts of defendants in suborning witnesses to swear falsely in the insanity proceeding and thereby cause the finding of insanity to be entered against the plaintiff, the declaration is clearly demurrable, because it has been uniformly held that such an action cannot be maintained. (*Stevens v. Rowe*, 59 N. H. 578; *Smith v. Lewis*, 3 Johns. [N. Y.] 157; *Taylor v. Bidwell*, 65 Cal. 489; *Young v. Leach*, 27 App. Div. 293, 50 N. Y. Supp. 670.) In 24 L. R. A. (N. S.) 265, there is a case note upon the subject of perjury and subornation of perjury as grounds for civil actions. The annotator there states, in substance, that the great weight of authority is to the effect that no action lies at common law for damage sustained by reason of perjury committed in a former suit where (as in this case) a party to such suit is also a party to the subsequent action for damages. Many cases are cited to that effect, some of which we have examined. The same note says the same rule applies to actions for damages for suborning witnesses to swear falsely, citing especially the opinion of Kent, C. J., in *Smith v. Lewis, supra,* holding that such an action would be "against public policy and  *  *  *  productive of endless litigation." The only case we have found in this State on this question is *Bell v. Senneff*, 83 Ill. 122, where doubt is expressed as to whether such an action can be maintained, but the point was not squarely decided, for the reason that the question had not been discussed in that case. In *Stevens v. Rowe, supra,* it was said: "An action by the defeated party cannot  *  *  *  be maintained against a witness or witnesses for giving false testimony in favor of his opponent. Public policy and the safe administration of justice require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint, excepting that imposed by the penalty for perjury. Though not a party to the former suit and judgment, the merits of that judgment cannot be re-examined by

a trial of the witness' testimony in a suit against him. The procedure, if permitted, would encourage and multiply vexatious suits and lead to interminable litigation.''

For the reasons stated, we are of the opinion that the demurrer was properly sustained, and therefore the judgment is affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.