[L. A. No. 9108. In Bank.—September 11, 1930.]

OLIVER FETTERLEY, Appellant, v. ELIZABETH GIBSON et al., Respondents.

Oliver Fetterley, *in pro. per.*, for Appellant.

Walter J. Little, Edward T. Bishop, County Counsel, and R. C. McAllister, Deputy County Counsel, for Respondents.

THE COURT.—This is an action for damages for an alleged malicious prosecution. In the year 1922 plaintiff, upon proper legal complaint, was judicially declared to be

insane. He was restored to competency in 1923, and this action for damages was subsequently filed against all persons who had had any connection with the proceeding resulting in his commitment. Demurrers of the respective defendants to the fourth amended complaint were sustained without leave to amend, and from the judgments thereafter entered plaintiff prosecuted this appeal. The clerk's transcript was filed here on January 20, 1926. The record discloses that on March 8, 1926, the judgment was affirmed, upon motion, as to the respondents County of Los Angeles, Jean G. McCracken, Dr. Victor Parkin and Dr. Charles L. Allen. Nothing has been done with the cause since 1926, and for this reason it was placed on the June calendar in order that the record might be closed and the appeal disposed of in so far as the remaining respondents are concerned.

■ It is our conclusion that the demurrers to the appellant's fourth amended complaint were properly sustained without leave to amend. It appears from the allegations of the complaint that the insanity proceeding, upon which this cause is grounded, terminated adversely to the appellant, and that he was judicially declared to be of unsound mind. This being so, the institution of such proceeding cannot give rise to a cause of action for malicious prosecution. The fact that appellant was restored to competency some two years later does not alter the situation. ■ An action for malicious prosecution may not be maintained unless it appear that the proceedings alleged to have been prosecuted maliciously and without probable cause have been terminated in favor of the party injured by them. (*Monk* v. *Ehret,* 192 Cal. 186, 189 [219 Pac. 452].)

■ Nor do we find any error in the trial court's ruling refusing to permit further amendment of the complaint. Aside from the fact that the adverse termination of the insanity proceeding precluded the appellant from basing a cause of action thereon for malicious prosecution, the allowance or refusal of amendments is a matter so largely within the sound discretion of the trial court that its exercise will not be disturbed in the absence of a showing of gross abuse. Such a showing has not been made. Appellant having failed upon a fifth effort to state a cause of action, we are of the view that the court below, in its discretion, was fully

justified in assuming that the fault of the pleading did not lie in the pleader but in the want of facts.

The judgments are, and each is, affirmed as to the respondents Elizabeth Gibson, Earl Moss, T. A. Osborne, B. Rey Schauer, Helen M. Randall, Walter J. Little and H. Kepelinger.