[Civ. No. 5746.    Third Appellate District.—June 24, 1937.]

JOHN ANDREWS, Appellant, v. W. B. YOUNG et al., Respondents.

Carlton D. Dethlefsen and C. F. Eschwig for Appellant.

F. C. Clowdsley, District Attorney, R. M. Dunne, Assistant District Attorney, Tom B. Quinn, City Attorney, Charles

H. Epperson, Edwin B. Harvey, Jr., and Ward A. Hill for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment rendered pursuant to an order sustaining separate demurrers to the complaint for an alleged conspiracy to commit a tort. The plaintiff asked leave to file an amended complaint, which was denied. The proposed pleading is included in the transcript on appeal. It is contended the proposed amended complaint states a good cause of action, and that the court abused its discretion in not permitting it to be filed.

Both the complaint and the proposed amended pleading purport to charge the judge of the police court of Stockton and other officers of the court, including the probation officer and his attorney, with a conspiracy to procure the arrest and conviction of the plaintiff for the offense of contributing to the delinquency of a minor child so as to force him to leave San Joaquin County and thus deprive him of the care and paternal affection of his children and to injure his character and reputation to his damage in the sum of half a million dollars. The proposed amended complaint merely elaborates the allegations of the original pleading with greater details. It recites that the plaintiff is the father of two children; that the defendant Breitenbucher is the judge of the police court of Stockton; that W. B. Young is the probation officer of San Joaquin County, and that L. J. Smallpage was the attorney for the probation officer, and that they conspired with other defendants on June 7, 1935, for the purpose of "ousting said plaintiff . . . from the . . . County of San Joaquin", and to thus deprive him of the care and companionship of his children and to injure his reputation, by procuring a criminal charge to be filed and prosecuted against the plaintiff; that pursuant to the conspiracy W. B. Young "without probable or any cause" did swear to a complaint on the last-mentioned date and file it in the said police court of Stockton, charging the plaintiff with specified acts with a named minor female child of the age of fourteen years, which tended to contribute to her delinquency; that the defendants by means of false and fraudulent misrepresentations persuaded plaintiff that "if he would plead guilty to being 'indiscreet', the Judge would not give him any sentence"; that the plaintiff did so plead

guilty of being "indiscreet" and was thereupon sentenced to 180 days in the county jail, with the alternative that the jail sentence would be suspended on condition that the plaintiff leave San Joaquin County for a period of two years; that on account of said conspiracy the plaintiff is deprived of the companionship and affection of his children, his reputation was injured and that he suffered humiliation and mental anguish to his detriment in the sum of $500,000. Separate demurrers to the original complaint were filed on the grounds of uncertainty and for failure to state facts constituting a cause of action. These demurrers were sustained without leave to amend the pleading. The plaintiff asked permission to file an amended complaint, the material allegations of which are above recited. That motion was denied. Judgment of dismissal was thereupon rendered against the plaintiff.

We are of the opinion the demurrers were properly sustained, and that the complaints fail to state facts sufficient to constitute a cause of action. The proposed amended complaint purports to allege a cause of action for damages for conspiracy for either defamation of character or malicious prosecution. The original complaint to which the demurrers were sustained did not even allege that the criminal complaint was filed "without probable cause". It is not alleged the plaintiff was compelled to or did actually leave Stockton or San Joaquin County. It is not alleged the plaintiff is not guilty of the offense with which he was charged, to wit, contributing to the delinquency of a minor child. It is not alleged that a motion was made to set aside the judgment of conviction which was rendered against the plaintiff on the ground of fraud or otherwise. Nor was an appeal taken from that judgment. The complaint shows that the plaintiff stands convicted of the offense of contributing to the delinquency of a minor child. Yet he seeks to recover damages against the public officers for procuring that conviction without even denying his guilt.

It is the alleged wrongful prosecution of the criminal offense in the present case and not the mere conspiracy which would create a liability for damages. (*Revert* v. *Hesse*, 184 Cal. 295, 301 [193 Pac. 943]; *Dowdell* v. *Carpy*, 129 Cal. 168 [61 Pac. 948]; 5 Cal. Jur. 528, sec. 29.) In 12 Corpus Juris, page 588, section 109, it is said:

"In order to convict of a conspiracy to prosecute maliciously, all the facts necessary to support an action for malicious prosecution must be shown. Want of probable cause is essential. However malicious defendants may have been, if they have probable cause for the prosecution, no action can be maintained against them. *Nor will an action lie where a verdict and judgment have been recovered against plaintiff, as long as the judgment remains unreversed.*"

■ In view of the fact that a judgment of conviction was rendered in the criminal case against the plaintiff, which was not appealed, but, on the contrary, which remains in full force, it is insufficient to allege the mere conclusion that the criminal complaint was filed "without probable cause". In the case of *Roos* v. *Harris,* 203 Cal. 201 [263 Pac. 225], it is said:

"When such judgment has thus become final it is conclusive upon the question of probable cause for the arrest, prosecution, and conviction of the defendant in the absence of a *direct and successful attack* thereon based upon extrinsic fraud in its procurement."

■ The present action constitutes a mere collateral attack upon the judgment of conviction which was rendered in the criminal case. The plaintiff has not even alleged that he was not guilty of the offense with which he was charged and convicted.

It is a prerequisite to the maintenance of an action for malicious prosecution or defamation of character growing out of the prosecution of a criminal case to affirmatively allege that the case terminated favorably to the plaintiff. This uniform rule is predicated on the principle that proceedings in a court having jurisdiction of the party and the cause shall be free from collateral attack. (*Fetterley* v. *Gibson,* 210 Cal. 282 [291 Pac. 411]; *Plum* v. *Becket,* 120 Cal. App. 507 [7 Pac. (2d) 1111]; 16 Cal. Jur. 734, sec. 7.)

Since the recital of a final judgment of conviction against the plaintiff conclusively presumes probable cause for the prosecution of the criminal case by the public officers, and the consequent guilt of the plaintiff, the complaint fails to state facts sufficient to constitute a cause of action based upon the criminal proceeding. The guilt of the plaintiff of the offense of contributing to the delinquency of a minor child must therefore be presumed. His guilt of that offense

is reinforced by the fact that he fails to allege his innocence of the charge.

■ The court did not abuse its discretion in sustaining the demurrers without leave to amend, since the proposed amended complaint fails to correct the defects above mentioned. We must assume the plaintiff will be unable to allege a good cause of action based upon the facts of this case.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1937.