[Civ. No. 10366.   First Appellate District, Division One.—March 11, 1938.]

MAX J. SCHWARTZ, Appellant, v. MOLLIE SCHWARTZ et al., Respondents.

Joseph A. Brown and A. E. Cross for Appellant.

Dinkelspiel & Dinkelspiel, Hadsell, Sweet, Ingalls & Lamb, and Heller, Ehrman, White & McAuliffe, for Respondents.

THE COURT.—An appeal by the plaintiff on the judgment roll from three separate judgments entered in favor of defendants Mollie Schwartz, Phillip Levin, Merwyn L. Hirschfeld and the Park Sanitarium, a corporation.

Plaintiff's amended complaint alleged in substance that the three defendants first named maliciously entered into a conspiracy to cause the plaintiff to be adjudged insane and, by means of false swearing, caused him to be so adjudged and

committed as an insane person to the state hospital at Agncw, California, where he remained for several months during the year 1932; further, that the defendant Mollie Schwartz, knowing the evidence upon which plaintiff was committed to be false, caused herself to be appointed guardian of his person and estate thereby deprived him of the possession of his property, all to his damage, and that he was unable to procure her discharge as such guardian until the year 1934. Demurrers to the amended complaint were sustained, and plaintiff's motion for leave to file a second amended complaint was denied and judgments of dismissal were entered.

None of the complaints filed nor the proposed second amended complaint alleged that any of the proceedings terminated in plaintiff's favor except in so far as appears inferentially from the allegation that he has since been restored to competency.

The present action is essentially one to recover for malicious prosecution; and the assault which plaintiff makes upon the judgments is predicated upon averments of intrinsic fraud in their procurement. The rule is well settled that the institution of a proceeding to declare a person insane cannot give rise to a cause of action in his favor for malicious prosecution where the proceeding terminated adversely to him and he was judicially declared to be of unsound mind, even though he be later restored to competency. (*Fetterley* v. *Gibson*, 210 Cal. 282 [291 Pac. 411].) In such cases the gist of the action is the alleged wrongful prosecution, not the alleged conspiracy. (*Revert* v. *Hesse*, 184 Cal. 295 [193 Pac. 943]; *Andrews* v. *Young*, 21 Cal. App. (2d) 523 [69 Pac. (2d) 891].) While it is claimed that the opinion in *Kellogg* v. *Cochran*, 87 Cal. 192, 200 [25 Pac. (2d) 677, 12 L. R. A. 104], sustains the view that such an action might be otherwise sustained, an examination of the case shows that the only question there decided was that under the allegation of the complaint the plaintiff had legal capacity to sue. The facts alleged bring the present case within the rule stated and the orders sustaining the demurrers were proper.

It is also urged that the trial court erroneously refused to permit further amended pleadings. This was a matter within the sound discretion of the court, which in the present case was not abused. (*Fetterley* v. *Gibson, supra.*)

No ground for the reversal of the judgments has been shown, and the same are accordingly affirmed.