5 So.2d 93
**TURNER v. J. BLACH & SONS, Inc.**
6 Div. 889.

Supreme Court of Alabama.

Dec. 18, 1941.

128

Jim & Wallace Gibson and George E. Winkler, all of Birmingham, for appellant.

Leader, Hill & Tenenbaum, of Birmingham, for appellee.

BOULDIN, Justice.

The action was for malicious prosecution in the institution of a civil suit.

This court has aligned itself with the courts of other jurisdictions holding such action may be maintained, although no attachment of the person or seizure of property was had in the suit complained of. Peerson v. Ashcraft Cotton Mills et al., 201 Ala. 348, 78 So. 204, L.R.A.1918D, 540. See, also, Glidden Co. et al. v. Laney, 234 Ala. 475, 175 So. 296; 34 Am.Jur. p. 708, and note 15.

The sole question for review on this appeal is a ruling sustaining defendant's demurrers to Count "A" of the complaint. The demurrers do not challenge the authority of Peerson v. Ashcraft Cotton Mills, supra, but go to the sufficiency of such complaint in this form of action.

The pertinent portion of Count A reads: "Heretofore on to-wit May 15, 1938, the defendant's agents, servants or employees while acting within the line and scope of their employment as such, maliciously and without probable cause therefor caused a suit to be instituted against the plaintiff in the Third Division Municipal Court of Birmingham, Alabama, which said suit before the commencement of this action, has been judicially investigated and prosecution of said suit ended so far as plaintiff is concerned and plaintiff discharged from further appearance with reference to same."

Among the grounds of demurrer assigned was this: "(c) Said count fails to allege a termination of the original action in favor of the present plaintiff."

 The necessary elements of an action for malicious prosecution are well stated in 34 American Jurisprudence, p. 706, § 6, in these words: "§ 6. Generally.— Notwithstanding what is said in some cases of a distinction between actions for criminal prosecutions and civil suits, both classes of actions at the present day require substantially the same elements. An action for maliciously instituting a civil suit requires not less for its maintenance than an action for a malicious prosecution of a criminal proceeding. In general, to authorize the maintenance of an action for malicious prosecution, the following elements must be shown: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of."

The existence, vel non, of a good cause of action in the original suit is not to be litigated in the action of malicious prosecution. That question turns on the result of the original suit. Termination of that suit in favor of defendant therein is a condition precedent to his action for malicious prosecution, wherein the issues are: Was the original suit instituted or its prosecution persisted in maliciously and without probable cause? No countenance can be given to actions for malicious prosecution growing out of the institution of a civil suit, unless instituted without probable cause, no matter what the result.

The plaintiff in the suit for malicious prosecution must aver and prove a termination of the original suit in his favor, and that such suit was instituted, or its prosecution persisted in, maliciously and without probable cause.

Quite clearly the averment that the "suit ended so far as plaintiff is concerned and plaintiff discharged from further appearance with reference to same," does not disclose the suit ended in favor of plaintiff.

The complaint does not set forth the nature of the original suit. It may have ended by this plaintiff paying the demand, or on a compromise and settlement as to him. 34 Amer.Jur. 725.

The averment "judiciously investigated" in its connection adds nothing on the question whether it ended in favor of plaintiff, the defendant in former suit. It does not negative the existence of a valid cause of action when the original suit was brought and allege a judicial finding to such effect. It may have ended by sustaining a plea of tender, where there was a bona fide controversy touching the amount due. It may have ended by some good defense arising after suit brought.

Count A undertakes to adopt Form 20, Tit. 7, § 223, Code of 1940, for an action for malicious prosecution growing out of the institution of a civil suit. That form of complaint is framed for a suit for malicious prosecution in causing the party to be arrested under a warrant, upon a criminal charge. In such case "prosecution ended" and "plaintiff discharged" import an ending in favor of plaintiff, the defendant in the criminal proceeding.

These words can have no such import in the complaint here under review.

There was no error in the ruling on demurrer.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.