13 So.2d 870

### GAINES v. MALONE.

4 Div. 287.

Supreme Court of Alabama.

May 13, 1943.

Rehearing Denied June 24, 1943.

See, also, 242 Ala. 595, 7 So.2d 263.

E. C. Boswell, of Geneva, for appellant.

John W. Rish, of Dothan, for appellee.

**FOSTER, Justice.**

This is a civil action by appellant as plaintiff for damages for an alleged conspiracy between defendant and two others not sued. The charge is with respect to a judgment rendered against plaintiff in favor of the Federal Reserve Bank of Atlanta, which it is alleged was transferred to this defendant and held by him as security for an alleged loan made by him to plaintiff; that said loan was fully paid to defendant, and that defendant and his two alleged conspirators "fraudulently and with the intent to injure and defraud the plaintiff, wickedly conspired and federated together to cheat or defraud plaintiff of all of his right, title and interest in" certain described real estate, by transferring the said judgment to one co-conspirator "N", under a contract with him set out in full in the complaint, and by placing the judgment for collection in the hands of the other alleged co-conspirator "M", as an attorney, who

procured the issuance of an execution and had it levied on said property, resulting in damages generally and specially as set out.

The trial court sustained demurrer to the complaint. The complaint was amended, demurrer refiled and again sustained, upon which plaintiff took a non-suit to review the ruling.

The sole question is on the demurrer to the complaint. The demurrer raises the questions which we will discuss.

Section 103, Title 14, Code of 1940, makes it a crime to conspire to do certain acts creating a misdemeanor. Section 99 makes it a felony to conspire to do certain other acts. Section 103 makes it a criminal conspiracy (among other things) "falsely and maliciously to procure another to be arrested or proceeded against for a crime," or "falsely to institute or maintain any action or proceeding." (Not now to mention other Code sections in that connection not thought to be here material.)

A conspiracy is sometimes defined as a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful, but by unlawful means. Duplex Printing Press Co. v. Deering, 254 U.S. 443, 41 S.Ct. 172, 65 L. Ed. 349, 16 A.L.R. 196.

We do not suppose it was intended by those sections of the Code to define within strict limits the principles covering civil cases. We have had in this State a very few such cases. Among them are Louisville & N. R. Co. v. National Park Bank, 188 Ala. 109, 65 So. 1003; National Park Bank v. Louisville & N. R. Co., 199 Ala. 192, 74 So. 69; Coker v. Coker, 209 Ala. 295, 96 So. 201. Those cases are not particularly here helpful. They do not relate to the nature of conspiracy sought to be charged in this complaint. There are so many sorts of conspiracies which give rise to a civil action, we need not discuss the general subject.

"Under common law practice the action (of conspiracy) differs only slightly from the ordinary action on the case for special damages, the difference being that it charges the acts complained of upon several instead of upon one." 11 Am.Jur. 584, section 53.

To support the action of conspiracy to prosecute a suit or proceeding maliciously, all facts necessary to support an action for malicious prosecution must be shown, including want of probable cause and the action will not lie until a favorable termination of the proceedings against plaintiff. Andrews v. Young, 21 Cal.App.2d 523, 69 P.2d 891; Tennessee Pub. Co. v. Fitzhugh, 165 Tenn. 1, 52 S.W.2d 157; Hocker v. Welti, 239 Ill.App. 392; 15 Corpus Juris Secundum, Conspiracy, § 16, p. 1027 (notes 45 to 49).

This complaint does not in any count allege that this defendant did not have probable cause to believe that the debt for which defendant held the judgment as collateral security had not been paid in full, or that defendant did not have some right to enforce its collection in whole or in part notwithstanding payment of the secured debt to defendant; nor that there had been a judicial ascertainment of those questions resulting in a decision favorable to plaintiff. See, Gaines v. Malone, 242 Ala. 595, 7 So. 2d 263.

Since a civil suit based on a conspiracy to prosecute a suit or to enforce legal process must contain the elements of a suit for the malicious prosecution of such process, as well as the element of conspiracy, we now refer to those elements by which this complaint is to be tested. In a suit for the malicious prosecution or maintenance of a civil suit, it is necessary to allege that the suit had terminated in plaintiff's favor, and that it was begun or maintained without probable cause for believing that the right to do so existed. This rule is "as old as the hills". See, Turner v. J. Blach & Sons, 242 Ala. 127, 5 So. 2d 93. And this principle as to a termination of the proceeding has been held in other jurisdictions to apply to an attachment (not governed by statute), provided there has been an opportunity to have such determination made upon a motion. Dixon v. Smith-Wallace Shoe Co., 283 Ill. 234, 119 N.E. 265; Rossiter v. Minnesota, etc., 37 Minn. 296, 33 N.W. 855; 38 Corpus Juris 440.

The instant action is not controlled by any statute which changes the rule of the common law that if the wrongful issue of the writ is subject to determination in the court and in the cause in which it was issued, the wrongfulness must be shown by the record of that proceeding. In this instance, it may be done by the court in which the judgment was rendered and from which execution issued adjudging that it had been satisfied and discharged. The procedure, in

that regard, is by motion made in the cause in that court. Section 568, Title 7; section 128, Title 13, Code of 1940. In attachment suits it is by a plea in abatement of the attachment. Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257.

■ The existence vel non of facts which operate to satisfy the judgment on which the execution issued is not to be litigated in the common law action of malicious prosecution. Cf. Turner v. J. Blach & Sons, supra.

■ True, this is not an action for malicious prosecution but for the malicious use of an execution issued on an allegedly satisfied judgment. But the wrongful issuance of the writ with malice and without probable cause to believe that it was supported by an unsatisfied judgment, and that there has been before this suit was begun a determination by the court that the judgment has been satisfied, are necessary to support an action for a conspiracy to injure plaintiff by the issuance of an execution on a judgment alleged to be satisfied.

■ The demurrer was properly sustained because the complaint failed to allege that the court in which the judgment was rendered on which execution issued had determined that the judgment had been satisfied and discharged; and because there is no allegation of an absence of probable cause or its equivalent. It is not necessary to consider other questions raised by the demurrer.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.