## WILLIAMS v. CONTINENTAL INS. CO. OF NEW YORK.

No. 11052.

Circuit Court of Appeals, Ninth Circuit.

Jan. 7, 1946.

George Penney, of Los Angeles, Cal. (Jean Wunderlich, of Los Angeles, Cal., of counsel), for appellant.

W. W. Hindman, E. Eugene Davis, Huntington P. Bledsoe, and Hindman & Davis, all of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee insured appellant Sydney M. Williams and his wife, Elizabeth, against loss by robbery of certain jewelry. Thereafter the insured persons, claiming that the jewelry had been taken from them in a holdup, presented proof of loss and were paid the amount claimed.

Subsequently appellee sued to recover on the ground that the claim of loss was false and fraudulent in that in fact no robbery had occurred. The wife, Elizabeth Williams, admitted the allegations of the complaint and on the trial testified for appellee. The trial resulted in a judgment against appellant in the amount paid on the claim.

Appellant contends that the suit is predicated on a charge of conspiracy, hence, he says, recovery can not properly be predicated on the uncorroborated testimony of the accomplice, namely, the wife. The contention has several answers, of which we shall mention but two. In the first place, the gravamen of the action is fraud, not conspiracy. Cf. 5 Cal.Jur. 530; Revert v. Hesse, 184 Cal. 295, 193 P. 943; Kittle Mfg. Co. v. Davis, 8 Cal.App.2d 504, 47 P.2d 1089; Andrews v. Young, 21 Cal. App.2d 523, 69 P.2d 891. Secondly, assuming for any reason that corroboration of the wife's testimony was necessary, there was ample corroboration.

Affirmed.