79 So.2d 709

**Raymond LADD**

**v.**

**Anderson TOWNSELL.**

**7 Div. 340.**

Court of Appeals of Alabama.

April 12, 1955.

W. M. Beck, Fort Payne, for appellant.

Scott, Dawson & Scott, Fort Payne, for appellee.

HARWOOD, Judge.

Plaintiff below sought damages for an alleged malicious criminal prosecution by the defendant.

Count A of the complaint, which will hereinafter be set out, was the only count submitted to the jury.

The defendant's demurrers to the complaint being overruled, he filed pleas of the general issue, and a special plea of set off, claiming $200 damages resulting from defendant's having paid a note in that amount as surety for the plaintiff on said note.

In this state of the pleadings issue was joined.

In the trial below the court gave the general affirmative charge in favor of the defendant as to his plea of set off.

The jury returned a verdict in favor of the plaintiff, assessing his damages at $75, seventy-five dollars, and judgment was entered accordingly.

Count A reads as follows:

"The Plaintiff claims of the Defendant $2,000.00 damages for maliciously and without probable cause therefor, causing the Plaintiff to be arrested under a warrant issued by A. L. Campbell, Clerk of the Circuit Court of DeKalb County, Alabama, and ex officio Clerk of the DeKalb County Court on December 31, 1951, on a charge of disposing of property fraudulently and for the purpose of defrauding the owner of a lien thereon, which said offense was a felony and upon said affidavit and in said prosecution and as a result of the making of said complaint, the Plaintiff was indicted by the grand jury of DeKalb County, Alabama, for disposing of said property for the purpose of defrauding a lien holder thereof and which said prosecution and said charge, before the commencement of this action has been judicially investigated by the Circuit Court of DeKalb County, Alabama and the said prosecution ended and the Plaintiff discharged. And the Plaintiff avers that the prosecution hereinabove set out was for a felony and was commenced in the DeKalb County Court and being a felony, had to be investigated and the Defendant had to be discharged from the Circuit Court of DeKalb County, Alabama, said DeKalb County Court not having jurisdiction of felonies."

Among the grounds of the demurrer filed to Count A are the following:

"2. Except as a conclusion of the pleader, no causal connection is shown between the prosecution in the DeKalb County Court and the Circuit Court.

"3. For that no connection is shown between the prosecution in the DeKalb County Court and the Circuit Court."

It is our conclusion that the demurrer was well taken, and the court erred in overruling it.

As stated in Turner v. J. Blach &. Sons, 242 Ala. 127, 5 So.2d 93, to authorize the maintenance of a suit for malicious prosecution the following elements must be shown: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by or at the instance of

the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage.

Further, instituting a criminal prosecution maliciously and without probable cause, *leading in due course to the arrest,* is the essence of the wrong. Bryant v. Hartford Fire Ins. Co., 230 Ala. 80, 159 So. 685.

Count A, supra, fails entirely to aver that the defendant caused the plaintiff to be indicted. Actually, so far as can be determined from Count A, we are left in the dark as to what disposition was made of the charge in the DeKalb County Court. The averment in the count "and in said prosecution and as a result of the making of said complaint, the plaintiff was indicted by the Grand Jury of DeKalb County, etc." is a conclusion of the pleader, and in nowise charges that the defendant instituted, or continued, the prosecution in the circuit court.

The concluding averment of Count A to the effect that: "And the Plaintiff avers that the prosecution hereinabove set out was for a felony and was commenced in the DeKalb County Court and being a felony, had to be investigated and the Defendant had to be discharged from the Circuit Court of DeKalb County, Alabama, said DeKalb County Court not having jurisdiction of felonies" is again purely conclusionary, and we might add, highly confusing.

It is apparent that the theory upon which the count was drawn was the plaintiff's acquittal in the circuit court. Since the count fails to allege that the defendant caused the indictment to be returned, it cannot be presumed that the indictment was a continuation of the defendant's initiation of the proceedings in the county court. As before stated, the averment that the indictment resulted from the couny court proceedings falls short of alleging that the defendant caused plaintiff's indictment. We judicially know that the indictment could have resulted from innumerable causes and through various agencies in no way connected with the defendant.

Grounds 2 and 3 of the demurrer were therefore valid.

Because of the action of the court in overruling the demurrer to Count A this cause must be reversed.

In the event of another trial it should also be noted that the count fails to aver that the indictment led in due course to plaintiff's arrest under process issued under such indictment. Such averment is essential to a valid complaint. See Bryant v. Hartford Fire Ins. Co., supra; Hotel Supply Co. v. Reid, 16 Ala.App. 563, 80 So. 137.

Further, in the event of another trial it should also be noted that an action of malicious prosecution, an action sounding in damages merely, is not subject to a plea of set off. Norton v. Bumpus, 221 Ala. 167, 127 So. 907.

Several other assignments are argued in appellant's brief. In view of our conclusions above we see no need to discuss them.

Reversed and remanded.