224 So.2d 906

**J. B. JOHNSTON**

v.

**Leon G. DUKE, Jr., et al.**

I Div. 568.

Supreme Court of Alabama.

July 10, 1969.

**360**

J. B. Johnston, pro se.

Leon G. Duke, Jr., Mobile, pro se.

Calvin S. Byrd and Estelle Byrd, Mount Vernon, pro se.

Allan R. Cameron, Mobile, for appellee Ray D. Bridges.

MERRILL, Justice.

This is an appeal from a judgment in favor of the defendants in an action for malicious prosecution which resulted from the giving of the affirmative charge without hypothesis in favor of the defendants.

Appellant, plaintiff below, filed a complaint against defendants, on July 7, 1967, which purported to seek damages for mali-cious prosecution. Demurrer was sustained, the complaint was amended, demurrers were refiled and sustained, and the complaint was amended to comply with the Code form and the refiled demurrers were overruled. Defendants filed pleas of the general issue and pleas setting out a settlement agreement dated June 28, 1966. Trial was had on January 15, 1969. Appellant represented himself.

Plaintiff's Exhibit No. 2 was a copy of an opinion of the Alabama Court of Appeals showing that plaintiff-appellant, J. B. Johnston, had been convicted in the Court of General Sessions of Mobile County for the offense of selling, removing, or otherwise disposing of property in violation of Tit. 14, § 364 (disposing of property subject to execution). An appeal was taken to the circuit court and the trial court, without a jury, found appellant guilty as charged and fixed his fine at $500.00. The Court of Appeals was of the opinion that the evidence failed "to meet the degree of proof required by law for a conviction" and the judgment was reversed and the cause was remanded. The application for rehearing and its overruling were also parts of Exhibit No. 2.

Plaintiff's next witness was the clerk of the circuit court and he was asked to read Exhibit No. 2 to the jury. It then developed from plaintiff's questioning of this witness that plaintiff had filed a motion to dismiss the case following the receipt of the opinion of the Court of Appeals and that the motion had been denied. On cross-examination of the witness, he stated: "This case (the one remanded by the Court of Appeals) is still pending on the criminal State docket of this Court, and it is now set for trial on February 25, 1969."

The trial court had explained to appellant that the Court of Appeals had remanded the case and had not rendered it. This was in answer to appellant's contention that the opinion had terminated the case. The trial court called appellant's attention to the necessary allegation in his amended complaint that "which charge, before the commence-

ment of this action, has been judicially investigated, and said prosecution ended, and the plaintiff discharged." (Tit. 7, § 223, Form 20.)

The trial court carefully and patiently explained that one of the elements necessary to prove in a malicious prosecution case was the termination of such proceedings in plaintiff's favor, and the court asked appellant numerous times if he could prove that the criminal case had been terminated. No such proof was produced. The jury was instructed to find for the defendants and it retired and returned with the directed verdict. The jury was then polled and dismissed.

Appellant's argument in brief (he represents himself on appeal) is that the giving of the affirmative charge was in conflict with the scintilla rule. The answer is that the rule has no application here because the only question was whether a cause of action had been proved and this was in this case purely a question of law.

In Turner v. J. Blach & Sons, 242 Ala. 127, 5 So.2d 93, it was stated that to authorize the maintenance of a suit for malicious prosecution, the following elements must be shown: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of. This principle was restated in Ladd v. Townsell, 38 Ala.App. 181, 79 So.2d 709.

■ Appellant failed to prove necesssary element (3) and the defendants were entitled to the affirmative charge because appellant had failed to prove his case.

Assignment of error 2 charges that the court erred in that it misinterpreted the opinion of the Court of Appeals. The mis-interpretation was on the part of appellant. The cause was reversed and *remanded,* not rendered. Something else remained to be done in the trial court before the proceedings were terminated in anyone's favor and the cause was still on the docket and set for trial when the instant case was tried.

Assignment 3 charges that the trial court disregarded the opinion of the Court of Appeals. This is obviously without merit.

■ Assignment 4 charges error in the trial court's refusal to grant appellant's motion to be allowed to examine witnesses to prove his case after he had been unable to prove that the criminal proceedings had been terminated in his favor. No useful purpose could be served in taking up the time of the court and the jury for adducing evidence when plaintiff was unable to prove a necessary element of his case.

■ Assignments of error 5 and 6 charge error in the qualifying of the jury. When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge in the matter of qualifying or questioning the jury. Ballard v. State, 236 Ala. 541, 184 So. 260, and Bragan v. Birmingham Railway, Light & Power Co., 163 Ala. 93, 51 So. 30. We do not concede that the trial court erred but even had error been committed in its ruling, it would have been harmless because appellant did not make out his case and the defendants were entitled to the affirmative charge without hypothesis.

We have considered all the argued assignments of error and find no reason to reverse.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.